UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT CABIBI JOURNAY, ) | Case No.: CV 12-02910 PSG |
| ) | |
| Plaintiff, ) | **ORDER TO REASSIGN CASE; AND** |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **THAT COMPLAINT BE DISMISSED** |
| ROBERT ROBAGO, GREGORY J. CABIBI, ) | **WITH LEAVE TO AMEND** |
| GEORGE J. CABIBI, JACKIE M. ROSSI, ) | |
| RAYMOND ROSSI ) | **(Re: Docket Nos. 1, 2)** |
| ) | |
| Defendants. ) | |
| ) | |

On June 5, 2012, *pro se* Plaintiff Scott Cabibi Journay ("Journay") filed a complaint and petition to proceed *in forma pauperis*. Journay petitions the court to compel Robert Robago, Gregory J. Cabibi, George J. Cabibi, Jackie M. Rossi, and Raymond Rossi (collectively "Defendants") to provide him with a copy of his grandfather's will or trust.

IT IS ORDERED that this case be reassigned to a District Judge with the recommendation that the complaint be dismissed with leave to amend.[1]

---

[1] This court is ordering reassignment to a district judge because, absent consent of all parties, a magistrate judge does not have authority to make case-dispositive rulings. *See, e.g.*, *Tripati v. Rison*, 847 F.2d 548, 549 (9th Cir. 1988).

1

Case No.: CV 12-02910 PSG
**ORDER TO REASSIGN CASE; AND REPORT AND RECOMMENDATION THAT COMPLAINT BE DISMISSED WITH LEAVE TO AMEND**

1   The court lacks jurisdiction to hear Journay's claims, and Jorunay has failed to allege a claim upon which relief may be granted. First, Journay and Defendants are residents of California, and Journay's allegations implicate state law claims only.[2] Next, Journay's complaint alleges that Defendants have refused to provide him with copies of his grandfather's will or trust. The complaint does not reference violations of federal law, and fails to state a particular claim on which relief may be granted. A district court nevertheless must give litigants an opportunity to amend their complaint "when justice so requires."[3] A federal court also must liberally construe the "inartful pleading" of parties appearing *pro se*.[4] Accordingly, this court recommends that the district court dismiss the complaint but with leave to amend.

**IT IS SO ORDERED.**

Dated: June 14, 2012

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[2] A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); *accord Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). Federal district courts are courts of limited jurisdiction that "may not grant relief absent a constitutional or valid statutory grant of jurisdiction," and "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *A–Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003) (citations and quotation marks omitted). The court must *sua sponte* dismiss a case for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."); *see also Scholastic Entmt., Inc. v. Fox Entmt. Group, Inc.*, 336 F.3d 982, 989 (9th Cir.2003).

[3] Fed. R. Civ. P. 15(a).

[4] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

2
Case No.: CV 12-02910 PSG
**ORDER TO REASSIGN CASE; AND REPORT AND RECOMMENDATION THAT COMPLAINT BE DISMISSED WITH LEAVE TO AMEND**

**United States District Court**
For the Northern District of California